IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANTHONY MARVELL SEMIEN,<br><br>        Plaintiff,<br><br>  v.<br><br>JOHN GEPHART, et al.,<br><br>        Defendants.<br>_____ | No. C 08-4084 CW (PR)<br><br>ORDER OF SERVICE |

Plaintiff Anthony Semien, a state prisoner currently incarcerated at Pelican Bay State Prison (PBSP), has filed the present pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that prison officials at PBSP used excessive force against him in violation of the Eighth Amendment. His motion for leave to proceed in forma pauperis has been granted.

Venue is proper in this district because the acts complained of occurred while Plaintiff was detained in PBSP. 28 U.S.C. §§ 84(a), 1391(b).

BACKGROUND

According to the allegations in the complaint, on December 7, 2007, Plaintiff was handcuffed and told to exit his cell. (Compl. at 3.) Plaintiff alleges that he complied "with no resistance" while Defendants PBSP Correctional Officers John Gephart and C. Streeter escorted him out of his cell. (Id.) Plaintiff watched while his cell was "being stripped." (Id.) He claims that he tried to ask Sergeant Frisk why his cell was being searched, but Officer Streeter told him to "shut up and face the wall." (Id.) Plaintiff replied by saying: "I'm not even talking to you I'm talking to the Sgt. so you shut up." (Id.) At this point,

Plaintiff alleges that Officer Streeter pushed him towards Officer Gephart. (Id.) Officer Gephart then pulled Plaintiff down to the ground causing him to hit his face on the floor. (Id.) Plaintiff alleges that the officers' use of force was "evil and sadistic" and that he suffered from a two-inch cut on his chin. (Id.)

Plaintiff seeks monetary damages.

## DISCUSSION

### I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### II. Legal Claim

In order to state a claim for the use of excessive force in violation of the Eighth Amendment, Plaintiff must allege facts

which, if proven, would establish that prison officials applied force "maliciously and sadistically to cause harm," rather than in a good-faith effort to maintain or restore discipline. <u>Hudson v. McMillian</u>, 503 U.S. 1, 6-7 (1992).

Plaintiff alleges that he was taken out of his cell and assaulted unnecessarily by Defendants Streeter and Gephart. Plaintiff further alleges that they used "sadistic" force against him. The Court finds that Plaintiff's allegations sufficiently allege an Eighth Amendment excessive force claim against Defendants Streeter and Gephart.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff has stated a cognizable Eighth Amendment excessive force claim against Defendants Gephart and Streeter.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to <u>Correctional Officers John Gephart and C. Streeter of PBSP</u>. The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the

3

Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before sixty (60) days from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

    4.   Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

        a.   No later than ninety (90) days from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment

4

motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

        b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than sixty (60) days after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element

of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

       c.  If Defendants wish to file a reply brief, they shall do so no later than <u>thirty (30) days</u> after the date Plaintiff's opposition is filed.

       d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

5.  Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

6.  All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

8.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time

1  must be filed no later than <u>fifteen (15) days</u> prior to the deadline
2  sought to be extended.
3        IT IS SO ORDERED.
4  DATED: 7/6/09                    _____
                                    CLAUDIA WILKEN
5                                   United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ANTHONY M SEMIEN,

        Plaintiff,

  v.

JOHN GEPHART et al,

        Defendant.
                                      /

Case Number: CV08-04084 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 6, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Marvell Semien K-76979
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95531-7500

Dated: July 6, 2009

                                      Richard W. Wieking, Clerk
                                      By: Sheilah Cahill, Deputy Clerk