IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MARVELL SEMIEN, | No. 08-04084 CW |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Docket No. 14) |
| v. | |
| JOHN GEPHART & C. STREETER, | |
| Defendants. / | |

INTRODUCTION

Plaintiff Anthony Marvell Semien, a state prisoner currently incarcerated at Pelican Bay State Prison (PBSP), brings this 42 U.S.C. § 1983 action against John Gephart and C. Streeter, correctional officers at PBSP. Plaintiff alleges that on December 7, 2007, Defendants used excessive force against him in violation of the Eighth Amendment. In an Order dated July 6, 2009, the Court found that Plaintiff's allegations stated a cognizable excessive force claim against Defendants.

Defendants move for summary judgment on two grounds. First, they argue that their use of force was not excessive and thus did not violate Plaintiff's Eighth Amendment rights. Second, they argue that, even if their use of force was excessive, they are entitled to qualified immunity because reasonable officers would not have known their actions were unlawful. Plaintiff has not

filed an opposition to the motion.

For the reasons discussed below, the Court GRANTS Defendants' motion for summary judgment.[1]

## FACTUAL BACKGROUND

According to Plaintiff's verified complaint, on December 7, 2007, Plaintiff was handcuffed and told to exit his cell. Comp. 3. Plaintiff complied without resistance. Id. Plaintiff's cell was being "stripped" (cleared and searched). Id. After Plaintiff exited the cell, he was placed against the wall, facing it. Id. Correctional Officer Streeter was on Plaintiff's left, with Officer Gephart on Plaintiff's right; both officers were holding Plaintiff in place. Id. When Plaintiff asked why his cell was being stripped, Officer Streeter told him to "shut up and face the wall." Id. Plaintiff replied, "I'm not even talking to you I'm talking to the sgt. [sic] so you shut up." Id. Officer Streeter then pushed Plaintiff towards Officer Gephart, who pulled Plaintiff down to the floor. Id. Plaintiff's face struck the floor, producing a two inch cut across his chin. Id.

According to Defendants, on December 7, 2007, Plaintiff covered up the front window of his cell with a sheet, and began kicking his cell door and flooding the surroundings with water from his cell. Brinkman Decl. ¶ 2.c., Ex. A., Rules Violation Report, at 40-41. Following the orders of Sergeant Frisk, Defendants and Officer Gardner handcuffed Plaintiff through the food port of the

---

[1] The Court GRANTS Defendants' request for judicial notice of the California Department of Corrections and Rehabilitation Operations Manual, Chapter 5, section 52020.1.

2

cell door; Plaintiff did not resist. Id. at 38-39.

Plaintiff was escorted out of his cell by Officers Streeter and Gephart so that another officer could remove the sheet from Plaintiff's cell window. Id. at 40-41, 45-46. Plaintiff was facing a wall in the corridor, with Officer Streeter on Plaintiff's left side and Officer Gephart on Plaintiff's right. Id. Plaintiff began to resist, and Sergeant Frisk heard Plaintiff say, "I'm not going back to my cell, you'll have to take me to the hole." Id. at 36-37, 45-46. Plaintiff then lunged at Officer Gephart and tried to bite his hand or arm. Id. at 36-37, 40-41.

Defendants guided Plaintiff to the ground using his own momentum and the application of their body weight. Id. at 36-37, 40-41, 45-46. After Plaintiff was on the ground, he ceased resisting and Officer Gardner placed restraints on Plaintiff's legs. Id. at 39. Defendants assisted Plaintiff to his feet and escorted him to the medical office. Id. at 40-41, 45-46. The nurse who examined Plaintiff noted a two-inch laceration on his chin, and treated it. Id. at 47. On December 11, 2007, when Plaintiff returned to the medical office, he refused medical treatment, and the next day an examining nurse indicated that the wound on his chin had completely healed. Brinkman Decl. ¶ 3.a., Ex. B. at 1, 6.

DISCUSSION

I. Legal Standard for Summary Judgment

Summary judgment is properly granted when no genuine and disputed issues of material fact remain and when, viewing the evidence most favorably to the non-moving party, the movant is

3

clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Eisenberg v. Ins. Co. of N. Am.</u>, 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, a court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. <u>Celotex</u>, 477 U.S. at 324; <u>Eisenberg</u>, 815 F.2d at 1289. A court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986); <u>Intel Corp. v. Hartford Accident & Indem. Co.</u>, 952 F.2d 1551, 1558 (9th Cir. 1991). A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. <u>Schroeder v. McDonald</u>, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995); <u>Keenan v. Hall</u>, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996), <u>amended</u>, 135 F.3d 1318 (9th Cir. 1998).

Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of production by either of two methods:

> The moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial.

<u>Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc.</u>, 210 F.3d 1099, 1106 (9th Cir. 2000).

4

If the moving party discharges its burden by showing an absence of evidence to support an essential element of a claim or defense, it is not required to produce evidence showing the absence of a material fact on such issues, or to support its motion with evidence negating the non-moving party's claim. Id.; see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 885 (1990); Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991). If the moving party shows an absence of evidence to support the non-moving party's case, the burden then shifts to the non-moving party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." Bhan, 929 F.2d at 1409.

If the moving party discharges its burden by negating an essential element of the non-moving party's claim or defense, it must produce affirmative evidence of such negation. Nissan, 210 F.3d at 1105. If the moving party produces such evidence, the burden then shifts to the non-moving party to produce specific evidence to show that a dispute of material fact exists. Id.

If the moving party does not meet its initial burden of production by either method, the non-moving party is under no obligation to offer any evidence in support of its opposition. Id. This is true even though the non-moving party bears the ultimate burden of persuasion at trial. Id. at 1107.

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

5

(1986).

II. Eighth Amendment Excessive Force Claim

    A.   Applicable Legal Standard

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (ellipsis in original). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be objectively, sufficiently serious, Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official must possess a sufficiently culpable state of mind, i.e., the offending conduct must be wanton. Id. (citing Wilson, 501 U.S. at 297); LeMaire v. Maass, 12 F.3d 1444, 1451 (9th Cir. 1993).

Whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the

6

1  threat reasonably perceived by the responsible officials, and any
2  efforts made to temper the severity of a forceful response.
3  Hudson, 503 U.S. at 7; LeMaire, 12 F.3d at 1454; see also Spain v.
4  Procunier, 600 F.2d 189, 195 (9th Cir. 1979) (guards may use force
5  only in proportion to need in each situation).

6      Although the extent of injury suffered by a prisoner is one of
7  the factors to be considered in determining whether the use of
8  force is wanton and unnecessary, the absence of serious injury does
9  not end the Eighth Amendment inquiry.  Hudson, 503 U.S. at 7.
10 Whether the alleged wrongdoing is objectively "harmful enough" to
11 establish a constitutional violation is contextual and responsive
12 to contemporary standards of decency.  Id. at 8 (citing Estelle v.
13 Gamble, 429 U.S. 97, 103 (1976)).  Such standards are always
14 violated when prison officials maliciously and sadistically use
15 force to cause harm, whether or not significant injury is evident.
16 Id.; see Felix v. McCarthy, 939 F.2d 699, 701-02 (9th Cir. 1991)
17 (it is not degree of injury which makes out violation of Eighth
18 Amendment but use of official force or authority that is
19 intentional, unjustified, brutal and offensive to human dignity).

20     This is not to say that the "absence of serious injury" is not
21 relevant to the Eighth Amendment inquiry.  Hudson, 503 U.S. at 7.
22 The extent of injury suffered by an inmate is one factor that may
23 suggest whether the use of force could possibly have been thought
24 necessary in a particular situation.  Id.  The extent of injury may
25 also provide some indication of the amount of force applied.
26 Wilkins v. Gaddy, ___ U.S. ___, 130 S. Ct. 1175, 1178 (2010).  But
27 not every malevolent touch by a prison guard gives rise to a

7

1 federal cause of action.  <u>Hudson</u>, 503 U.S. at 9.  The Eighth
2 Amendment's prohibition of cruel and unusual punishment necessarily
3 excludes from constitutional recognition <u>de minimis</u> uses of
4 physical force, provided that the use of force is not of a sort
5 repugnant to the conscience of mankind.  <u>Id.</u>  An inmate who
6 complains of a push or shove that causes no discernable injury
7 almost certainly fails to state a valid excessive force claim.  <u>Id.</u>

8     B.  Plaintiff's Excessive Force Claim

9     Defendants argue they are entitled to summary judgment because
10 they were reasonably responding to Plaintiff's attempt to bite
11 Officer Gephart when they forced Plaintiff to the ground.

12     Although Plaintiff did not submit an opposition to the motion,
13 Plaintiff's complaint was signed under penalty of perjury, was
14 based on personal knowledge, and set forth specific facts
15 admissible in evidence.  Accordingly, the complaint may serve as an
16 affidavit in opposition to the motion.  <u>See</u> <u>Schroeder v. McDonald</u>,
17 55 F.3d at 460 nn.10-11.  The Court must therefore determine
18 whether Plaintiff's verified complaint sets forth specific facts
19 sufficient to show that a dispute of material fact exists.

20     The facts in Plaintiff's verified complaint are not sufficient
21 to establish a genuine dispute of material fact.  Although
22 Plaintiff states that he cooperated with the officers when they
23 handcuffed him, he does not state that he continued to cooperate
24 with them throughout the course of the incident, nor does he state
25 that he did not lunge at Officer Gephart and try to bite him.  <u>See</u>
26 Comp. at 3.  Plaintiff contends that the officers' actions were
27 "uncalled for" and "evil and sadistic."  Comp. at 3.  However,

8

these statements are conclusory, and he fails to state that Officers Gephart and Streeter applied force against him in anything other than a good-faith effort to control a physically threatening prisoner.  Thus, Plaintiff has not raised a genuine dispute of material fact, and Defendants are entitled to summary judgment. Because the Court concludes that Defendants did not violate Plaintiff's Eighth Amendment rights, it does not reach the merits of Defendants' claim of qualified immunity.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED.  The Clerk of Court shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: July 27, 2010

CLAUDIA WILKEN
United States District Judge